1 | Steven H. Haney, SBN 121980
Gregory L. Young, SBN 226293
2 | **HANEY & YOUNG LLP**
1055 West Seventh Street, Suite 1950
3 | Los Angeles, California 90017
Telephone: (213) 228-6500
4 | Facsimile: (213) 228-6501
E-Mail: shaney@haneyyoung.com
5 |

6 | Attorneys for Plaintiff,
SAMUEL HATCHER
7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 |

SAMUEL HATCHER, an individual;

PLAINTIFF,

v.

THE BOEING COMPANY, a Delaware Corporation; BOEING DEFENSE, SPACE & SECURITY, a division of BOEING, business entity form unknown; BOEING NETWORK & SPACE SYSTEMS, a part of BOEING DEFENSE, SPACE & SECURITY, a business entity, form unknown, and DOES 1-10;

DEFENDANTS.

**CASE NO.: 2:17-cv-03280**

**COMPLAINT FOR DAMAGES**

**1) DISCRIMINATION BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(a), *et. seq.*;**

**2) HARASSMENT BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(j), *et. seq.*;**

**3) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND/OR RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(k);**

**4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**5) NEGLIGENT SUPERVISION;**

**6) NEGLIGENT RETENTION; AND**

**DEMAND FOR JURY TRIAL**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

Plaintiff SAMUEL HATCHER (hereafter sometimes referred to as "HATCHER") alleges as follows:

## THE PARTIES

### PLAINTIFF

1.     Plaintiff SAMUEL HATCHER, an individual, is a current employee of The Boeing Company.

2.     Plaintiff is, and at all relevant times herein was, an African-American employee of The Boeing Company, working at facilities in the City of El Segundo, in the County of Los Angeles, State of California.

### DEFENDANTS

3.     Plaintiff is informed and believes that Defendant THE BOEING COMPANY (sometimes referred to herein as "Boeing") is a Delaware Corporation doing business, and employing over 16,000 people, in the State of California, with a major manufacturing and business facility in the City of El Segundo, County of Los Angeles.

4.     Plaintiff is informed and believes that Defendant BOEING DEFENSE SPACE & SECURITY ("Boeing DS&S") is a division of Boeing doing business in the State of California.

5.     Plaintiff is informed and believes that Defendant BOEING NETWORK & SPACE SYSTEMS ("Boeing NS&S") is a part of Boeing DS&S, which does business in the State of California.

6.     At the time of the filing of this Complaint, Plaintiff is unaware of the true names and capacities of the Defendants, who are the employees, agents, representatives, co-conspirators and/or are otherwise acting on behalf of Defendants Boeing, Boeing DS&S and Boeing NS&S (hereafter collectively referred to as "Boeing"), and therefore sues these persons using the fictitious names Does 1-10, inclusive. Plaintiff will amend the Complaint to allege the true names and capacities

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**COMPLAINT FOR DAMAGES**

of the Doe Defendants when such have been ascertained. Defendants Boeing and Does 1-10 are sometimes hereafter collectively referred to as "Defendants."

7.    Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named Defendants are in some manner responsible for the occurrences, acts and omissions alleged herein, and that Plaintiff's damages as alleged herein were proximately caused by such occurrences, acts and omissions of said Doe Defendants, and by each of them. When Plaintiff alleges conduct against any Defendant hereafter, said Defendant will include the named Defendants and Defendant Does 1-10.

8.    Defendants Boeing and Does 1-10 were and are at all relevant times acting as the agents, partners, joint venturers and co-conspirators of each other, with each act or omission being perpetrated within the scope of the agency, partnership, venture or conspiracy.

9.    Plaintiff has suffered losses in excess of the jurisdictional minimum of the Court, which will be established according to proof at time of trial.

## JURISDICTION AND VENUE

10.    Jurisdiction is proper in the Federal Court pursuant to diversity jurisdiction per 28 U.S.C. § 1332 because Plaintiff has a diversity of citizenship from all Defendants and the amount in controversy is in excess of $75,000.00.

11.    Venue is proper in this District because the defendants and each of them have engaged in significant business operations, and the employment of thousands of people, in the County of Los Angeles, California, including a facility in El Segundo, wherein Plaintiff is or was employed, and wherein each of the harms to Plaintiff complained of herein occurred.

## FACTUAL ALLEGATIONS

12.    In 1865, The United States Congress abolished slavery by passing the 13th Amendment to the Constitution. What followed were years of the infamous Jim Crow laws in the South, the Ku Klux Klan, and disparate treatment against African Americans, including the highest unemployment rate of any ethnicity in history, a

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**COMPLAINT FOR DAMAGES**

widespread refusal by white America to promote African Americans to higher level managerial positions, and unequal pay for African Americans doing the same work as their higher paid Caucasian co-employees. With the passage of the Civil Rights Act of 1964, it appeared America had turned a corner. The message was now clear: there was to be "no discrimination against persons based on race or ethnicity." While most of America got that message, it has become obvious that at least one major multi-cultural company either was not listening or simply chose to ignore the law. That company is Boeing.

13.    Boeing has in its agreement with its employees a written policy that states:

> "The Employer and the Union agree that, in applying the terms of this Agreement, neither party will discriminate against any employee because of race, national origin, sex, age, color, creed, physical handicap, sexual orientation or for any other reason prohibited by law."

Boeing, specifically at its El Segundo, California location, has violated this policy by continuing its well-established pattern of creating a corporate culture wherein employees of African American descent are subjected to disparate treatment, harassment, public embarrassment, and ridicule by managers and colleagues, and a number of adverse employment actions including failure to be promoted to positions for which they are qualified, being initially hired into lower-tier jobs than comparably qualified Caucasian candidates, failure to receive preferred job assignments, failure to receive job assignments necessary for promotion, and/or termination.

14.    The list of Boeing's violations of state and federal anti-discrimination laws is too long to recite. A few examples of Boeing's willful discrimination are:

1)    A 1997 Boeing internal audit found that "Blacks received lower starting salaries than Caucasians" doing comparable work, and found Boeing exhibited "racial bias" against hiring African Americans.

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

2) Boeing dodged a bullet in 1998 when it paid 43 African Americans only $4.5 million for Labor Code violations in an action brought by the U.S. Department of Labor. Boeing's Director of Employee Relations, Marcella Fleming, told Boeing management that "Boeing's potential liability in that case was $120,000,000."

3) In 1999, Boeing paid a large group of African American employees $15,000,000 in *Staton v. Boeing Co.*, Case No. CV-98-00761-JCC. Much more significant than the $15,000,000 payment is the fact that Boeing has paid $1.3 ***billion*** "off the books" to keep the quota industry and federal government investigators and regulators (e.g. EEOC and Department of Labor) off their backs. Boeing's internal protections are inadequate to protect employees from discrimination. In its most recent transgression, members of the Human Resources department and managers tasked with preventing discrimination, including but not limited to Sandy Specht, openly exhibit discriminatory behavior and failed to properly investigate claims of racial discrimination.

15. In addition to its flagrant racial discrimination, Boeing, specifically at its El Segundo, California location, allows for systemic nepotism, creating an environment wherein senior or preferred Caucasian employees and Caucasian family members or associates of senior or preferred employees are hired into more desirable jobs, wrongfully provided with interview questions in advance of hiring or promotion interviews, and routinely transferred between jobs and departments in such a way to allow for their career advancement at the expense of similarly qualified employees who are not related to or associated with senior or preferred employees. These family members and associates of senior and preferred employees are also routinely transferred between jobs and departments in such a way as to insulate them from layoffs.

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

16.    By allowing the nepotism described herein to occur, Boeing is blatantly violating its own internal policies and procedures, specifically, but not limited to, Procedure PRO-58, "employment of Relatives and Close Personal Friends."

17.    Similarly, hiring and promotion decisions are sometimes affected by improper relationships between Boeing employees and employees of Boeing vendors, many of whom are former employees of Boeing themselves.  These decisions sometimes also include nepotism and race discrimination. By way of example, Ron McFatridge, a former Caucasian employee of Boeing vendor Cicon, who came to work for Boeing before retiring, hired other former Cicon employees and promoted them ahead of other Boeing employees with more experience.  Mr. McFatridge and the other former Cicon employees hired by Boeing then created an improper client-vendor relationship with Boeing, in violation of Boeing's own internal policies, to the detriment of Boeing itself, and to the detriment of its employees who are members of protected classes, including racial minorities, and those who are not members of the nepotistic preferred "old boy network" of Boeing employees.

18.    As further example of the impermissible nepotism at the Boeing El Segundo facility, Boeing manager Chuck Brockett, Caucasian, was impermissibly involved in the hiring process for his nephew Cody Oleson, also Caucasian, and not only had direct input in Oleson's hiring, but was also Oleson's supervisor up until the time the Oleson was promoted to a salary position – leap frogging a number of more experienced and more qualified African American employees.  What is more, Caucasian Boeing manager Brent Patchell was able to secure employment for his son, step-daughter, daughter-in-law, sister-in-law and brother-in-law, all Caucasian. Patchell's son, Curtis Patchell, and his step-daughter, Nicole Perez, were hired by Chuck Brockett, and initially worked under Brockett before quickly being promoted to salary positions, similar to the unjustified career advancement of Brockett's nephew, Oleson. Brockett also hired and quickly promoted Vanessa Sarria, who is the daughter in law of another long-time Boeing employee.  Recently, Joshua Bristol, the

son of long-time Caucasian employee, Kenneth Bristol, was hired as a favor to his father. In all of these instances of nepotism, the perpetrators received at most a verbal warning, and often no punishment at all. This nepotism manifests itself as race discrimination.

19.    African American employees at Boeing, El Segundo are frequently victims of disparate treatment. For example, Caucasian Boeing employee Brian Sullivan received a DUI while working remotely at a satellite launch and was given only the very mild punishment of being put on an alternate work week. African-American employees receive much harsher punishments for less serious infractions. Other instances of similar disparate treatment are set forth herein.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF HATCHER

### I.    Background

20.    Plaintiff SAMUEL HATCHER is an African American male and was employed by Boeing for 33 years and held various positions, including: Custodian, Air Conditioning Technician, Supervising Technician, Facilities Analyst, and Facilities Multi Service Manager. He began his career at Boeing on October 8, 1984 as a Custodian in Boeing's Maintenance Department. During his 33-year tenure at the company, Plaintiff received numerous awards such as the S&IS Quality First Champion Award in 2008, the SSG Service Ambassador Award in 2008, and the SDC Employee of the month Award in 2007 and 2012. These awards are competitive and widely recognized throughout the company. Plaintiff also won numerous awards within the specific departments he worked within. Plaintiff is 52 years of age and was terminated from his Facilities Analyst 4 position at Boeing on June 10, 2016.

21.    During his time at Boeing, Plaintiff applied for and was rejected from no less than ten promotions. Despite the established application process, Caucasian employees were transferred in from other facilities to fill management positions. Plaintiff was called in to train employees for positions that Hatcher applied for and was qualified to perform. Plaintiff was also subjected to flagrant racial discrimination

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

1  and harassment on a regular basis from his supervisors throughout the duration of his

2  33-year employment at Boeing.

3       22.    From the outset, Plaintiff was told that African Americans could only be

4  promoted to a supervisory position in the Janitorial Department. In over 50 years,

5  there had never been an African American supervisor in the Maintenance Department,

6  in which Plaintiff worked. In fact, there had never been an African American in a

7  Senior position at Boeing. Plaintiff's supervisors in around 1996 repeatedly told him

8  that a black man would never be manager or hold any position with supervisory

9  capacity because the supervisors and their staff would ensure the oppression of black

10  employees through write-ups, low Performance Evaluations (PE), and, if necessary,

11  the defamation and slandering of black employees. Despite these heavily

12  discriminatory circumstances, Plaintiff endeavored to change the statistics through

13  hard work and perseverance.

14  **II.    Discrimination, Harassment, and Unlawful Retaliation**

15       **A.    2001 – 2006**

16       23.    During the period between 2001 and 2006, Plaintiff's direct supervisor

17  was Mark Sawa ("Sawa"), an individual of Asian descent. Sawa made offensive and

18  antagonizing racial remarks against Plaintiff on a daily basis. He consistently and

19  frequently called Plaintiff a "nigger," a "black bastard," and a "lazy black man."

20  When Plaintiff addressed the matter in an attempt to resolve it, Plaintiff was retaliated

21  against and given a low PE. In fact, every single PE that Plaintiff received from Sawa

22  was excessively low – the lowest Plaintiff ever received during his 33 years at

23  Boeing.

24       24.    Still, Plaintiff stayed at the company and attempted to overcome the

25  discrimination by attaining additional skills and education to advance in the company.

26  However, Plaintiff was denied the same benefits offered to other employees. Plaintiff

27  was told that he could not enroll in school despite Boeing having policies in place to

28  help employees pursue higher degrees. Sawa repeatedly told Plaintiff that the

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

**COMPLAINT FOR DAMAGES**

1  company would not pay for him to go back to school – in complete contradiction to

2  the company's education policy. Sawa also declared that Plaintiff would never get

3  equal pay for equal work while under his supervision.

4      25.    As such, Plaintiff was denied comparable wages and was consistently

5  paid at a lower rate than his co-workers – many of whom had less experience, less

6  education, and a lighter caseload than Plaintiff. In fact, supervisor Mark Sawa went so

7  far as explicitly tell Plaintiff that he would never promote a black man to be manager.

8  Despite these injurious obstacles, Plaintiff nonetheless continued with his educational

9  pursuits, and later found out that Boeing would indeed assist in the cost of education

10  and that Sawa spoke in contradiction to policy due entirely to personal prejudices.

11  **B.**    **2006 – 2009**

12      26.    By 2006, Plaintiff was no longer working under supervisor Mark Sawa.

13  At this point, the over racial discrimination that Plaintiff had been experiencing

14  evolved into a subtler but equally damaging form. Plaintiff was pulled into a cycle of

15  repeatedly being told that he needed more and more education to receive promotions.

16  He was told this despite Mark Sawa and countless other supervisors having had little

17  to no formal education themselves. Many of them had either no education or did not

18  progress beyond a High School diploma. Plaintiff, on the other hand, holds a B.S. in

19  Business Management, graduating with honors. Nonsensically, each time Plaintiff

20  applied for a promotion, he was told that he needed more and more education and/or

21  skill sets. Each year, as Plaintiff completed the education and/or acquired the

22  supposedly requisite skill set, Plaintiff would again be told that he needed yet more

23  education and/or additional skill sets in order to be considered for a position.

24      27.    In 2009, Plaintiff earned a Master's in Business Administration.

25  However, even after earning this degree, he was told he still needed more education in

26  order to be considered for a promotion. Year after year, the requirements laid out for

27  Plaintiff changed so as to bar him from moving upwards in the company, all while

28  requirements for Caucasian employees remained unchanged at a markedly lower level

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

9

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

1   of qualification. Additionally, not only was Plaintiff prevented from opportunities for

2   promotion, Plaintiff was also paid at a markedly lower rate than Caucasian employees

3   in comparable positions.

4       **C.**    <u>**2011 – 2014**</u>

5       28.    During this period between 2011 and 2014, Plaintiff was harassed and

6   discriminated against by Boeing employee, Keith Parat ("Parat"), on a near daily

7   basis. Mr. Parat was a Senior Manager whom Plaintiff had to report to on a daily basis

8   as a Facilities Analyst 4 employee. Parat would go out of his way to pass Plaintiff in

9   the hallway, and would stop by Plaintiff's office every day for no other reason than to

10  taunt, harass, and humiliate Plaintiff. Parat would comment on the diplomas on

11  Plaintiff's wall, saying things to the effect of, "Doesn't matter how many of these you

12  have, you're still a nigger." Parat would also say that Plaintiff's diplomas would be

13  better used as bookends because no matter what his qualifications, Plaintiff would

14  never be promoted to a supervisory or managerial position because of the color of his

15  skin. Parat went so far as to say, "There will never be a nigger as a manager in this

16  department." When Plaintiff would inquire to Mr. Parat as to the reason he would

17  make such vitriolic comments, Parat replied, "You need thick skin to be in

18  management, Stud, something your people doesn't have."

19      29.    After four years of intentional and flagrant discrimination and

20  mistreatment, Parat was reassigned to another Boeing location as a result of his sexual

21  affair with a subordinate. However, before moving to the new location, Parat

22  continued to harass Plaintiff, consistently referring to Plaintiff as a "black stud with

23  no brains." On multiple occasions, Plaintiff reported Parat's comments, but was

24  repeatedly told that no one would believe him; he was told "don't make trouble,

25  nigger." The inexcusable behavior of racist Boeing employees fostered an appallingly

26  terrible working environment. Nevertheless, Plaintiff excelled at his job and received

27  numerous awards for his performance and dedication. Expectedly, after each award,

28  Parat would unwarrantedly denigrate Plaintiff by commenting, "Your black ass did

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

1   not deserve that award. Your black ass wouldn't have gotten that award if I was your

2   manager. You got people fooled but not me… It's amazing what niggers can do when

3   you teach them how to read and write." In spite of this egregiously inappropriate

4   treatment, Plaintiff continued to apply for supervisory and management positions.

5       30.    In 2012, Samuel applied for a supervisory position and was rejected.

6   Plaintiff was told that hiring policy mandated that he hold an MBA in order to be

7   eligible for a supervisory position. As a result, Plaintiff obtained an MBA and

8   received his degree in 2009 before applying for this position. However, Boeing

9   rejected Plaintiff's application and instead hired a Caucasian man named Richard E.

10   McKinney ("McKinney"). McKinney had only minimal experience and held no

11   advanced degrees. The hiring of McKinney demonstrates unequal treatment based on

12   race, as well as a blatant contradiction between actual hiring practice and the hiring

13   policy seemingly arbitrarily thrust upon Plaintiff. In another instance, Plaintiff was

14   again bypassed for a supervisory position in 2013 as Boeing brought in Thomas

15   Boswell, a Caucasian male employee from another site, who had neither supervisory

16   experience nor an advanced degree.

17       31.    As further example, in 2014, Michael Todd Dietrich and James V. Fiore,

18   both Caucasian males, were promoted to manager positions. Each had fewer than six

19   years of experience working for Boeing at the time of promotion, but were

20   nevertheless selected to be sent to Managerial School and groomed for promotions.

21   Another Caucasian male employee, Jeff McDonald, was also sent to Managerial

22   School though he had *no* college education of any kind. By contrast and as mentioned

23   previously, Plaintiff herein holds a B.S. in Business Management and a Master's in

24   Business Administration, which was what he was told he needed to obtain to make

25   him a competitive candidate for promotion. In one instance, after inquiring about the

26   apparent discrepancy in treatment, Plaintiff was told by Adam Watts ("Watts"), his

27   direct Manager at the time, that he would not fit in because he was "too dark for the

28   company's image."

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

**D.    2015**

32.    At the time of Adam Watts promotion to manager, Watts possessed fewer than six years of work history with Boeing, and had no supervisory experience. Watts' educational qualifications consisted of only a B.A. degree. Compounding the issue, Watts was not only underqualified and ill-prepared for a managerial position, he also had a history of reckless and negligent performance. Just the previous year, in 2014, Watts made an enormous error by significantly overpaying a contractor for a glass door. Watts paid $40,000.00 for a door that cost approximately $5,000.00. In another instance taking place in around 2014, Watts crashed the company car. Around the same time, Watts also ran his personal car into a scientist named Dr. Rosen, a highly respected and important electrical engineering consultant for The Boeing Company. Watts' history of errors and lack of experience notwithstanding, Watts was promoted to manager over Plaintiff.

33.    Adding insult to injury, Plaintiff was thereafter given the responsibility of training Watts for the managerial position that he himself was passed over for. Watts also had a prolonged affair with a female subordinate. Watts continued the affair even after he was sent to Management School to learn how to maintain appropriate boundaries the workplace. However, upon returning from Management School, Watts continued the inappropriate behavior with his female subordinate and was subsequently transferred to another work site. All in all, undue concessions were made to Watts throughout his time at the El Segundo Boeing location, while Plaintiff was held to a vastly different standard and made to accept regular unfair and discriminatory treatment.

34.    As further indication of Boeing's unfair hiring and promotion practices, the company recruited a Caucasian male by the name of Chase DeAntonio "DeAntonio" in around 2015. DeAntonio's only educational credentials consisted of a B.A. from Arizona State University. However, he was immediately paired with another manager in order to be groomed to be a manager himself. Shortly after he

began his employment, he was predictably sent to Manager School and is now a Manager at Boeing. In being so promoted, DeAntonio was given some of Plaintiff's duties. The flagrant discrepancy between Plaintiff and Caucasian employees is further highlighted by the comparison of duties held by Plaintiff and by the Caucasian individuals promoted above him to manager. Important to note is that Plaintiff often trained managers promoted over him and consistently carried heavier workloads that required more skills and qualifications than even his managers had.

35.    In August of 2015, Plaintiff and another African American Boeing employee inquired about the lack of recruitment of African American intern students. Each year, Boeing actively recruits students by "wining and dining" them, wooing the potential recruits with a "red carpet" treatment that includes, among other things, taking the students and their parents out to dinners, putting them up in hotel rooms, and offering to send them to Managerial School to set them up for quick promotion up the ranks within the company. Notably, this practice was reserved exclusively for Caucasian students. This treatment did not extend to either African American students or students of other minority descent. Each year, the only students who were sought after and subsequently wooed were Caucasian. Plaintiff approached Boeing's Human Resources Department regarding their recruitment practices, but no corrective recourse was enacted.

**E.    2016 – 2017**

36.    In February of 2016, Diane Millwater "Millwater," Plaintiff's Senior Manager, held a staff meeting during which she repeatedly boasted of her German heritage. She needlessly reiterated her pride regarding her German ancestry. In doing so, Millwater insensitively ignored the potentially threatening implications of insistently touting her German pride without any consideration of the historical maltreatment of African Americans and other ethnic groups by Germans. At one point during the meeting, Millwater looked directly at Plaintiff and said, "Don't cry when you get your layoff notices." Plaintiff complained to upper management, but instead

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

of defending Plaintiff's rights as an employee to a fair and non-hostile work environment, upper management retaliated against Plaintiff by making false and slanderous accusations against Plaintiff. They spread rumors about Plaintiff herein, as well as another African American coworker, that they were thieves and hoodlums. It was said that Plaintiff was not the right fit nor the right race to hold a position under Millwater. Millwater would purposefully avoid Plaintiff and other African American employees in the department, and blatantly ignore Plaintiff while holding open conversations with non-black employees.

37.    To address the issue, Plaintiff went to upper management, Kory D. Weis, during an open-door honesty meeting. However, after discussing his predicament, Manager Adam Watts brushed off the situation and told Plaintiff that he better tread lightly as his time with the company was limited. Thereafter, Watts micromanaged all of Plaintiff's tasks and mandated that Plaintiff go to Watts for approval after every assignment. This expectation was never the case before, nor was it expected of other employees. Further, Watts would force Plaintiff to wait – often days – before approving the assignments, which subsequently left Plaintiff with work backed up for days.

38.    In June 2016, while on medical leave due to a knee injury sustained from years of walking on roofs and crawling in storm drains, Plaintiff was terminated from Boeing. Plaintiff was repeatedly and unjustifiably passed over for promotions by candidates with less experience and less education. Plaintiff was held to a different standard than his Caucasian counterparts, paid at a substantially lower rate than his Caucasian counterparts, given false and misleading information, and made to jump through diversionary "hoops" to prevent him from receiving promotions. Plaintiff suffered numerous adverse employment actions, including harassment, race, and age discrimination in violation of Boeing's own internal policies.

39.    On January 31, 2017, Plaintiff SAMUEL HATCHER filed an Administrative Complaint in compliance with the Department of Fair Housing and

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

1  Employment ("DFEH"), in compliance with the applicable provisions of the

2  government code. The DFEH issued HATCHER a Notice of Case Closure and

3  attendant Right to Sue notice authorizing this lawsuit.

## FIRST CAUSE OF ACTION

**(DISCRIMINATION BASED UPON RACE AND ENGAGEMENT IN PROTECTIVE ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"),**

**Cal. Gov. Code §12940(a), et. seq.;)**

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

10      40.    Plaintiff hereby incorporates by reference and re-allege each and every

11  allegation contained in Paragraphs 1 through 39, inclusive, as if fully set forth herein.

12      41.    Government Code Section 12940(a) makes it an unlawful employment

13  practice for any employer to discriminate on the basis of race, by making unlawful

14  said discrimination in compensation or in terms, conditions or privileges of

15  employment. Government Code Section 12926(n) also states that "race" includes an

16  employee who is associated with a person who has, or is perceived to have those

17  characteristics.

18      42.    Defendants violated this prohibition on discriminatory acts or omissions

19  based upon race, and engagement in protected activity for making claims of

20  discrimination, and for subjecting Plaintiff to disparate treatment as set forth in the

21  Factual Allegations, above.

22      43.    FEHA does not require that an employer's discriminatory act constitute

23  one swift blow, rather than a series of subtle yet damaging injuries. The individual

24  acts of discriminatory conduct as described herein, as well as the totality of such

25  conduct, constitute an adverse employment action. Moreover, FEHA protects an

26  employee against unlawful discrimination with respect not only to "ultimate

27  employment actions" such as termination or demotion, but also the entire spectrum of

28

employment actions that are reasonably likely to adversely or materially affect an employee's job performance or opportunity for advancement in his career.

44.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause.  Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants except any Defendant who is specifically excluded by law from being liable for punitive damages.

## SECOND CAUSE OF ACTION

### (HARASSMENT BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(j), *et. seq.*;)

### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

45.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 44, as set forth above.

46.    Government Code Section 12940(j) makes it an unlawful employment practice for any employer to harass an employee, or any person providing services thereto on the basis of race, or to create a hostile work environment based thereon. Government Code Section 12926(n) also states that racial harassment is actionable even if the employee is associated with a person who has, or is perceived to have those characteristics.

47.    Defendants violated this prohibition on discriminatory and harassing acts or omissions based upon race and engaging in the California protected activity of filing a Fair Employment and Housing Act ("FEHA") claim with the Department of Fair Employment and Housing ("DFEH"), by, among other things, subjecting Plaintiff

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

16

**COMPLAINT FOR DAMAGES**

1    to the treatment as set forth in Factual Allegations ¶¶ 20-39, above, and in the

2    allegations made by Plaintiff herein.

3        48.    As a result of Defendants' harassing conduct, Plaintiff has suffered both

4    economic and non-economic damages. Additionally, in committing the above-

5    described acts, Defendants acted in a willful, oppressive and malicious manner

6    towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in

7    complete disregard to the harm that this conduct would cause him. Plaintiff is

8    therefore entitled to punitive damages in an amount according to proof at trial against

9    all Defendants except any Defendant who is specifically excluded by law from being

10   liable for punitive damages.

11                   <u>**THIRD CAUSE OF ACTION**</u>

12   **(FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND/OR**

13   **RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR**

14   **EMPLOYMENT AND HOUSING ACT ("FEHA", Cal. Gov. Code §12940(k), et.**

15                          **seq.;)**

16       **(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

17       49.    Plaintiff re-alleges and incorporates by reference each and every

18   allegation contained in Paragraphs 1 through 48, as set forth above.

19       50.    Government Code Section 12940(k) makes it an unlawful employment

20   practice "for an employer . . . to fail to take all reasonable steps necessary to prevent

21   discrimination and harassment from occurring."

22       51.    Defendants violated this section by failing to prevent the discrimination

23   and harassment, as set forth more specifically in Factual Allegations ¶¶ 20-39, and in

24   the allegations made by Plaintiff herein.

25       52.    As a result of Defendants' conduct, Plaintiff has suffered both economic

26   and non-economic damages. Additionally, in committing the above-described acts,

27   Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and

28   with the intent to vex, annoy, injure and harass Plaintiff in complete disregard of the

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

harm that this conduct would cause him. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## FOURTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

53.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 52, as set forth above.

54.    The conduct of various Boeing employees and former employees, including but not limited to, Mike Perez, Jim Bellows, Jim Schultz, Inga Coupe, Chuck Brockett, Heather O'Leary, Tom Senkevich, and Sandy Specht, among others, as set forth throughout, was extreme and outrageous, and done by with the intentional and/or reckless disregard of the probability of causing Plaintiff to suffer humiliation, mental anguish, emotional, and physical distress.  Any racial discrimination cannot be tolerated by a civil society.

55.    This conduct, as set forth *supra*, was a result of an intent to harass, retaliate, discriminate, and terminate Plaintiff, and ultimately inflict emotional distress upon Plaintiff.

56.    Plaintiff suffered adverse employment actions on pre-textual grounds, but the true and only reason Plaintiff suffered adverse employment actions is because he is African American.  Making decisions constituting adverse employment actions because of a person's race or ethnicity is oppressive and malicious, and constitutes extreme and outrageous conduct which goes beyond all bounds of decency and is atrocious and utterly intolerable in a civilized community.  Boeing's veiled racism is no less damaging to affected persons than are openly and overtly racist acts.  Indeed, in an advanced society with post-racial aspirations, it is heavily-veiled and subconscious racism which is largely responsible for perpetuating the societal inequalities that continue to hinder the progress of, and oppress, racial minorities.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

57.     As a proximate result of the aforementioned intentional acts, Plaintiff has suffered humiliation, mental anguish, emotional, and physical distress manifesting itself in such physical symptoms general stress induced change in appearance and temperament. These damages are not presently calculable and are subject to proof at time of trial.

58.     In committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause him.  Specifically, Plaintiff alleges, among other things, that he suffered various adverse employment actions, including terminations, failures to promote, failures to provide preferred and privileged job assignments which would allow for advancement, and hiring discrimination on the basis of their race; making decisions constituting adverse employment actions on the basis of race is outrageous conduct that goes beyond all bounds of decency and is atrocious and utterly intolerable in a civilized community.  Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### (NEGLIGENT SUPERVISION)

### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

59.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 58, as set forth above.

60.     Government Code, section 12940(k) makes it an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

61.     Defendants violated this section by failing to prevent the discrimination and harassment, as set forth more specifically in Factual Allegations ¶¶ 20-39, and in the allegations made by Plaintiff herein.

**COMPLAINT FOR DAMAGES**

62.     Accordingly, Government Code, section 12940(k) establishes a duty for an employer to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  This duty includes the proper supervision of its employees to ensure that discrimination and harassment do not occur.

63.     By failing to properly supervise its employees, and by allowing the conduct as set forth in Factual Allegations ¶¶ 20-39, and in the allegations made by Plaintiff herein, to occur, Defendant Boeing breached its duty.

64.     As a proximate result of that breach of duty, and of the ratification of discriminatory and harassing conduct of its employees, Defendant Boeing has caused Plaintiff to suffer damages, including monetary, and in some cases emotional, harms as set forth herein. These damages are not presently calculable, and will be established according to proof at time of trial.

65.     As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard of the harm that this conduct would cause him. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT RETENTION)
### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

66.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 65, as set forth above.

67.     Government Code, section 12940(k) makes it an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

COMPLAINT FOR DAMAGES

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

68.    In some instances, including in the instant matter, all reasonable steps necessary to prevent discrimination and harassment from occurring should include the firing or dismissal of employees who commit discriminatory or harassing conduct.

69.    Defendant Boeing owed, and continues to owe, Plaintiff a duty to fire, dismiss, or otherwise terminate employees who commit discriminatory or harassing conduct.

70.    Defendant breached their duty to Plaintiff and others by negligently retaining employees who acted in a discriminatory or harassing manner and allowing by misconduct to continue unabated as set forth more specifically in Factual Allegations ¶¶ 20-39, and in the allegations made by Plaintiff herein.

71.    As a proximate result of that breach of duty, and of the ratification of discriminatory and harassing conduct of its employees, Defendant Boeing has caused Plaintiff to suffer damages, including monetary, and in some cases emotional, harms as set forth herein. These damages are not presently calculable, and will be established according to proof at time of trial.

72.    As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause him. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

///
///
///

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR DAMAGES**

1.    For an award for all compensatory damages sustained by Plaintiff by reason of Defendants wrongful acts complained of herein;

2.    For exemplary and punitive damages where allows by law;

3.    For a permanent injunction enjoining discriminatory, unfair, and unlawful business practices;

4.    For costs of suit incurred herein;

5.    For attorneys' fees as allowed by law; and

6.    For such other and further relief as the Court may deem equitable, necessary, and just.


Dated: May 1, 2017                    **HANEY & YOUNG, LLP**


By: /s/Gregory L. Young/
STEVEN H. HANEY
GREGORY L. YOUNG
Attorneys for Plaintiff,
SAMUEL HATCHER

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**COMPLAINT FOR DAMAGES**

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff hereby requests a jury trial in this matter.

3

4   Dated: May 1, 2017                    **HANEY & YOUNG, LLP**

5

6                                         By: /s/Gregory L. Young/

7                                         STEVEN H. HANEY

8                                         GREGORY L. YOUNG
                                          Attorneys for Plaintiff,
9                                         SAMUEL HATCHER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**COMPLAINT FOR DAMAGES**